FILED *HHC*

7/16/02

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

JUN 3 0 2008 *aw*
6-30-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN FORMA PAUPERIS APPLICATION
AND
FINANCIAL AFFIDAVIT

JOHN KEELER
    Plaintiff

v.

ARAMARK-Corporation
    Defendant(s)

CASE NUMBER  08CV2740

JUDGE  DER-YEGHIAYAN
MAGISTRATE Judge MASON

Wherever ☐ is included, please place an X into whichever box applies. Wherever the answer to any question requires more information than the space that is provided, attach one or more pages that refer to each such question number and provide the additional information. Please PRINT:

I, John Keeler, declare that I am the ☐plaintiff ☐petitioner ☐movant (other_____) in the above-entitled case. This affidavit constitutes my application ☐ to proceed without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☐ both. I also declare that I am unable to pay the costs of these proceedings, and that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of this petition/application/motion/appeal, I answer the following questions <u>under penalty of perjury</u>:

1. Are you currently incarcerated?  ☒Yes  ☐No  (If "No," go to Question 2)
   I.D. # 20070062447  Name of prison or jail: Cook County Jail
   Do you receive any payment from the institution?  ☐Yes  ☒No  Monthly amount:_____

2. Are you currently employed?  ☐Yes  ☒No
   Monthly salary or wages:_____
   Name and address of employer:_____

   a. If the answer is "No":
      Date of last employment:_____
      Monthly salary or wages:_____
      Name and address of last employer:_____

   b. Are you married?  ☐Yes  ☒No
      Spouse's monthly salary or wages:_____
      Name and address of employer:_____

3. Apart from your income stated above in response to Question 2, in the past twelve months have you or anyone else living at the same address received more than $200 from any of the following sources? *Mark an X in either "Yes" or "No", and then check all boxes that apply in each category.*

   a. Salary or wages
      Amount_____  Received by_____  ☐Yes  ☒No

    b.    ☐ Business, ☐ profession or ☐ other self-employment    ☐ Yes    ☒ No
Amount_____ Received by_____

    c.    ☐ Rent payments, ☐ interest or ☐ dividends    ☐ Yes    ☒ No
Amount_____ Received by_____

    d.    ☐ Pensions, ☐ social security, ☐ annuities, ☐ life insurance, ☐ disability, ☐ workers' compensation, ☐ unemployment, ☐ welfare, ☐ alimony or maintenance or ☐ child support
                                                                                                                          ☐ Yes    ☒ No
Amount_____ Received by_____

    e.    ☐ Gifts or ☐ inheritances    ☐ Yes    ☒ No
Amount_____ Received by_____

    f.    ☐ Any other sources (state source: _____)    ☐ Yes    ☒ No
Amount_____ Received by_____

4.    Do you or anyone else living at the same residence have more than $200 in cash or checking or savings accounts?    ☐ Yes    ☒ No    Total amount:_____
In whose name held:_____ Relationship to you:_____

5.    Do you or anyone else living at the same residence own any stocks, bonds, securities or other financial instruments?    ☐ Yes    ☒ No
Property:_____ Current Value:_____
In whose name held:_____ Relationship to you:_____

6.    Do you or anyone else living at the same residence own any real estate (houses, apartments, condominiums, cooperatives, two-flats, three-flats, etc.)?    ☐ Yes    ☒ No
Address of property:_____
Type of property:_____ Current value:_____
In whose name held:_____ Relationship to you:_____
Amount of monthly mortgage or loan payments:_____
Name of person making payments:_____

7.    Do you or anyone else living at the same residence own any automobiles, boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000?
                                                                                                                        ☐ Yes    ☒ No
Property:_____
Current value:_____
In whose name held:_____ Relationship to you:_____

8.    List the persons <u>who are dependent on you for support</u>, state your relationship to each person and indicate how much you contribute monthly to their support. If none, check here ☒ No dependents
_____
_____

6-24-08

Dear Hon. Judge DER-YEGHIAYAN.

I'm writing due to a court order was sent from the courts. About sending in my financial status or to file an proceed in Forma Pauperis application form. Which I wrote to you, explaining that the counsel here at Cook County Jail is the only people's could get that from the Business Trust fund office. I also explained the counsel did not comply, the with the court order when i send in a request ahead of time. and had to wait, until he felt like giving it to me, therefore it's shouldn't be my fault my case was dismissed. I've done everything the court's has asked me to do, concerning my case before you. I'd, to go to another counsel inorder to get my financial status. That's why it was last coming and the In Forma Pauperis Application and financial Affidavit. My case docket number 08CV2740 against Aramark Corporation

thanks for your time

Sic Der-Yeghiazarin

John Keeler

P.s I did file a grievance on counsel for failing to comply with a court order.



**\*\*TRANSACTION REPORT\*\***
Print Date: 06/10/2008

| Inmate Name: | KELLER, JOHN | Balance: | $50.00 |
|---|---|---|---|
| Inmate Number: | 20070016247 | | |
| Inmate DOB: | 10/26/1971 | | |

| Stamp | Transaction | Amount | Balance |
|---|---|---|---|
| 06/06/2008 | CREDIT | 50.00 | 50.00 |
| 04/30/2008 | ORDER DEBIT | -1.92 | 0.00 |
| 04/23/2008 | ORDER DEBIT | -11.43 | 1.92 |
| 04/16/2008 | ORDER DEBIT | -7.84 | 13.35 |
| 04/09/2008 | ORDER DEBIT | -28.81 | 21.19 |
| 04/07/2008 | CREDIT | 50.00 | 50.00 |
| 04/02/2008 | ORDER DEBIT | -0.06 | 0.00 |
| 03/26/2008 | ORDER DEBIT | -29.94 | 0.06 |
| 03/20/2008 | CREDIT | 30.00 | 30.00 |
| 02/20/2008 | ORDER DEBIT | -0.90 | 0.00 |
| 02/13/2008 | ORDER DEBIT | -11.30 | 0.90 |
| 02/06/2008 | ORDER DEBIT | -37.86 | 12.20 |
| 01/30/2008 | ORDER DEBIT | -21.02 | 50.06 |
| 01/25/2008 | CREDIT | 50.00 | 71.08 |
| 01/23/2008 | ORDER DEBIT | -23.08 | 21.08 |
| 01/21/2008 | RETURN CREDIT | 23.14 | 44.16 |
| 01/16/2008 | ORDER DEBIT | -20.16 | 21.02 |
| 01/15/2008 | RETURN CREDIT | 0.78 | 41.18 |
| 01/10/2008 | CREDIT | 40.00 | 40.40 |
| 01/09/2008 | ORDER DEBIT | -1.56 | 0.40 |
| 01/02/2008 | ORDER DEBIT | -23.14 | 1.96 |
| 12/24/2007 | CREDIT | 25.00 | 25.10 |
| 11/27/2007 | ORDER DEBIT | -0.06 | 0.10 |
| 11/13/2007 | ORDER DEBIT | -3.70 | 0.16 |
| 11/10/2007 | RETURN CREDIT | 3.70 | 3.86 |
| 11/06/2007 | ORDER DEBIT | -24.01 | 0.16 |
| 11/06/2007 | RETURN CREDIT | 24.02 | 24.17 |
| 10/30/2007 | ORDER DEBIT | -0.95 | 0.15 |
| 10/23/2007 | ORDER DEBIT | -24.02 | 1.10 |
| 10/15/2007 | RETURN CREDIT | 25.02 | 25.12 |

| Date | Type | Amount | Balance |
|---|---|---:|---:|
| 10/11/2007 | ORDER DEBIT | -25.02 | 0.10 |
| 10/10/2007 | CREDIT | 25.00 | 25.12 |
| 10/02/2007 | ORDER DEBIT | -51.43 | 0.12 |
| 10/02/2007 | CREDIT | 50.00 | 51.55 |
| 09/25/2007 | ORDER DEBIT | -12.76 | 1.55 |
| 09/18/2007 | ORDER DEBIT | -35.71 | 14.31 |
| 09/12/2007 | CREDIT | 50.00 | 50.02 |
| 08/22/2007 | ORDER DEBIT | -3.99 | 0.02 |
| 08/14/2007 | ORDER DEBIT | -15.61 | 4.01 |
| 08/07/2007 | ORDER DEBIT | -30.88 | 19.62 |
| 07/27/2007 | CREDIT | 50.00 | 50.50 |
| 07/10/2007 | ORDER DEBIT | -8.58 | 0.50 |
| 07/06/2007 | RETURN CREDIT | 8.87 | 9.08 |
| 07/03/2007 | ORDER DEBIT | -8.87 | 0.21 |
| 06/27/2007 | ORDER DEBIT | -9.77 | 9.08 |
| 06/20/2007 | ORDER DEBIT | -32.80 | 18.85 |
| 06/13/2007 | CREDIT | 40.00 | 51.65 |
| 06/06/2007 | ORDER DEBIT | -9.84 | 11.65 |
| 06/01/2007 | PAYROLL | 6.00 | 21.49 |
| 05/30/2007 | ORDER DEBIT | -24.67 | 15.49 |
| 05/24/2007 | PAYROLL | 4.00 | 40.16 |
| 05/23/2007 | ORDER DEBIT | -11.76 | 36.16 |
| 05/18/2007 | PAYROLL | 8.00 | 47.92 |
| 05/17/2007 | PAYROLL | 8.00 | 39.92 |
| 05/16/2007 | ORDER DEBIT | -17.40 | 31.92 |
| 05/12/2007 | RETURN CREDIT | 2.00 | 49.32 |
| 05/09/2007 | ORDER DEBIT | -30.96 | 47.32 |
| 05/07/2007 | RETURN CREDIT | 24.16 | 78.28 |
| 05/04/2007 | PAYROLL | 4.00 | 54.12 |
| 05/02/2007 | ORDER DEBIT | -29.94 | 50.12 |
| 05/01/2007 | RETURN CREDIT | 55.00 | 80.06 |
| 05/01/2007 | CREDIT | 25.00 | 25.06 |
| 04/04/2007 | ORDER DEBIT | -34.56 | 0.06 |
| 03/28/2007 | ORDER DEBIT | -24.16 | 34.62 |
| 03/21/2007 | ORDER DEBIT | -65.47 | 58.78 |
| 03/14/2007 | ORDER DEBIT | -95.29 | 124.25 |
| 03/07/2007 | ORDER DEBIT | -98.46 | 219.54 |
| 03/06/2007 | CREDIT | 318.00 | 318.00 |

© 2004 ARAMARK Corporation. All Rights Reserved

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2740 | **DATE** | 6/19/2008 |
| **CASE TITLE** | John Keeler (#2007-0016247) vs. Aramark Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for appointment of counsel [7] is denied. Plaintiff's second motion for leave to proceed in forma pauperis [6] is denied. Since Plaintiff has not paid the filing fee and has not filed a properly completed in forma pauperis application form, we dismiss the instant action. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■ [ For further details see text below.]    Docketing to mail notices.

### STATEMENT

This matter is before the court on Plaintiff John Keeler's ("Keeler") motion for appointment of counsel and second motion for leave to proceed *in forma pauperis*. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir.

| STATEMENT |
|---|

2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel the court should evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Keeler has not shown himself to be indigent. In addition, this case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Keeler's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Keeler is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motion for appointment of counsel.

This matter is also before the court on Keeler's second motion for leave to proceed *in forma pauperis*. On May 16, 2008, we denied Keeler's first motion for leave to proceed *in forma pauperis* and we gave Keeler until June 12, 2008, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form. We also warned Keeler that if he failed to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by June 12, 2008, this action would be dismissed. Keeler has not paid the filing fee and has filed another motion for leave to proceed *in forma pauperis*. However, Keeler once again has failed to properly complete his instant *in forma pauperis* application form. For example, Keeler has failed to provide information concerning his prior employment. (IFP Par. 2). Thus, since Keeler has not paid the filing fee and has not filed a properly completed *in forma pauperis* application form, we dismiss the instant action.