# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2740 | **DATE** | 7/24/2008 |
| **CASE TITLE** | John Keeler (#2007-0016247) vs. Aramark Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motions to proceed in forma pauperis [10] and for appointment of counsel [11] are denied.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff John Keeler's ("Keeler") motion for appointment of counsel and third motion for leave to proceed *in forma pauperis*. On May 16, 2008, we denied Keeler's first motion for leave to proceed *in forma pauperis* and we gave Keeler until June 12, 2008, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form. We also warned Keeler that if he failed to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by June 12, 2008, this action would be dismissed. Keeler did not pay the filing fee, but filed a second motion for leave to proceed *in forma pauperis*. On June 19, 2008, we denied Keeler's second motion for leave to proceed *in forma pauperis* since Keeler once again failed to properly complete his second *in forma pauperis* application form. We also dismissed the instant action pursuant to our warning on May 16, 2008, since Keeler did not pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by June 12, 2008. Keeler then filed the instant motions.

    The instant motions are untimely since the instant action has been terminated. To the extent that Keeler's motions can be construed as motions for reconsideration of the June 19, 2008, ruling, Keeler has not shown that the court erred in dismissing the instant action. Nor has Keeler shown that an appointment of

**STATEMENT**

counsel is warranted to present a motion for reconsideration. Therefore, we deny Keeler's motion for leave to proceed *in forma pauperis*.

In the instant action, we have considered the entire record in this case at this juncture, as it reflects on Keeler's ability to coherently pursue his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Keeler is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motion for appointment of counsel.